UNITED STATES of America, ex
rel. Roger L. SANDERS, et
al., Relators,

v.

ALLISON ENGINE COMPANY,
et al., Defendants.

No. C-1-95-970.

United States District Court,
S.D. Ohio,
Western Division.

Nov. 18, 2003.

James Burdette Helmer, Jr., Paul Bryan
Martins, Robert M. Rice, Helmer, Martins
& Morgan, Cincinnati, OH, Don McKenna,
Scott A. Powell, Hare, Wynn, Newell &
Newton LLP, Birmingham, AL, Gerald F.
Kaminiski, Ass't U.S. Attorney, Cincinnati,
OH, Joyce R. Branda, Michael F. Hertz,
Paul J Wogaman, Washington, DC, for
Relators.

Glenn Virgil Whitaker, Victor A. Walton, Jr., Vorys, Sater, Seymour & Pease, Cincinnati, OH, James A. Bensfield, Kara N. Schmidt, Peter B. Hutt, III, Miller & Chevalier, Chartered, Washington, DC, Daniel John Donnellon, Keating Muething & Klekamp, Cincinnati, OH, Douglas Lee Hensley, Matthew K. Buck, William Alan Posey, Keating, Muething & Klekamp, P.L.L., Cincinnati, OH, Jerome Charles Randolph, Washington, DC, Lawrence Robert Elleman, Dinsmore & Shohl, P.L.L., Thomas Jason Murphy, Dinsmore & Shohl, David Paul Kamp, White, Getgey & Meyer Co. LPA, Cincinnati, OH, James J. Gallagher, McKenna & Cuneo, Los Angeles, CA, Susan A. Mitchell, McKenna, Long & Aldridge LLP, Los Angelos, CA, Thomas M. Abbott, McKenna & Cuneo, Los Angeles, CA, for Defendants.

## ENTRY AND ORDER ADOPTING IN PART AND OVERRULING IN PART THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (Doc. # 398) REGARDING GENERAL TOOL COMPANY'S MOTION FOR SUMMARY JUDGMENT (Doc. # 173)

ROSE, District Judge.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the District Judge has made a de novo review of the Record on the matter of the Motion of Defendant General Tool Company ("GTC") for Summary Judgment On Claims Asserted In Case No. C–1–99–923 (Doc. # 173). In addition to reviewing the Motion for Partial Summary Judgment (Doc. # 173) and associated Memorandum, the District Judge has reviewed Relators' Memorandum In Opposition (Doc. # 208), GTC's Reply Memorandum (Doc. # 237) and the transcript of the hearing held on the Motion for Summary Judgment.

The District Judge has also reviewed the Report and Recommendations of United States Magistrate Judge Timothy S. Hogan (Doc. # 398) to whom this case was referred pursuant to 28 U.S.C. § 636(b) as well as Motions To Review the Magistrate's Report and Recommendation filed by Defendants GTC (Doc. # 413) and Allison and GM (Doc. # 412), Relator's Memorandum In Opposition (Doc. # 416), and GTC's Reply Memorandum (Doc. # 422).

The three claims found in Case No. C–1–99–923 upon which GTC seeks summary judgment are allegations that GTC conspired with Allison to submit a false claim on ECP–C040, that GTC did not fully and truthfully disclose all cost and pricing data requested by Allison resulting in a false claim being submitted in ECP–C040 and that Allison and GTC were obligated to report their negotiated reduction in the recurring cost of the AG9140 gen sets. Next, each of these three claims will be addressed individually.

*Conspiracy To Submit a False Claim*

■ Relators claim that GTC and Allison conspired to submit a false claim as contained in the statements in ECP–C040. Section 3729(a)(3) is the conspiracy component of the False Claims Act ("FCA"). To establish a conspiracy, Relators must show (1) that GTC conspired with Allison to get a false claim allowed or paid and (2) one or more conspirators performed any overt act in furtherance of the conspiracy. *United States v. Murphy,* 937 F.2d 1032 (6th Cir. 1991).

The issue of whether a false claim was submitted on ECP–C040 has been addressed in this Court's Entry and Order Overruling the Report and Recommendations of the Magistrate Judge Regarding Relators' Motion for Partial Summary Judgment (Doc. # 461). The reasoning and findings contained in the Entry and Order regarding Relators' Motion for

Summary Judgment (Doc. # 461) are adopted here. The reasoning and findings are a matter of record and need not be repeated herein except in summary fashion.

■ In the Entry and Order addressing Relators' Motion for Summary Judgment on the false representation claim (Doc. # 461), this Court found that there no genuine issues of material fact regarding the meaning of cost on ECP–040 as cost to the government. The term "cost" as used at various locations on ECP–040 means cost to the Government and not cost to Allison. Allison indicated that ECP–040 was offered at no cost to the Government and the Government accepted this proposition. Therefore, there are no genuine issues of material fact and Allison did not make a false claim on ECP–040. Because ECP–C040 did not include a false claim, Relators conspiracy allegation regarding a false claim in ECP–C040 must fail. There are no genuine issues of material fact and GTC is entitled to summary judgment on Relators' claim that Allison and GTC conspired to submit a false claim on ECP–C040.

The Magistrate's Report and Recommendations found that there were genuine issues of material fact regarding whether GTC conspired with Allison and it, therefore, is overruled. The analysis now turns to the second claim.

*Failure To Fully and Truthfully Disclose*

GTC seeks summary judgment on Relators' claim that GTC did not fully and truthfully disclose all cost and pricing data requested by Allison resulting in a false claim being submitted in ECP–C040. In response, Relators have not shown that GTC provided inflated production and labor costs or that ECP–C040 included a false claim.

■ As determined herein and in this Court's Entry and Order Overruling the

Report and Recommendations of the Magistrate Judge Regarding Relators' Motion for Partial Summary Judgment (Doc. # 461), ECP–C040 did not include a false claim. In addition, Relators have not identified any evidence that GTC did not truthfully disclose all cost and pricing data requested by Allison. Also, Relators have not identified evidence that there were inflated production and labor costs.

The Magistrate's Report and Recommendation (Doc. # 398) finds that there are no genuine issues of material facts regarding Relators' claim of inflated production and labor costs and GTC is entitled to summary judgment on this issue.

The Magistrate's Report and Recommendations is adopted regarding this finding. Therefore, there are no genuine issues of material fact and GTC is entitled to judgment as a matter of law on Relators' claim that GTC did not fully and truthfully disclose all cost and pricing data requested by Allison resulting in a false claim being submitted in ECP–C040. The analysis now turns to the third claim.

*Obligation To Report Negotiated Reduction*

GTC seeks summary judgment on Relators' claim that, pursuant to FAR 52.215–22, GTC and Allison were obligated to report the reduction that they negotiated in the recurring cost of the AG9140 gen sets. The applicability of FAR 52.215–22 has been fully addressed in this Court's Entry and Order Overruling the Report and Recommendations of the Magistrate Judge Regarding Relators' Motion for Partial Summary Judgment (Doc. # 461). The reasoning and findings contained in the Entry and Order regarding Relators' Motion for Summary Judgment (Doc. # 461) are adopted here. The reasoning and findings are a matter of record and need not be repeated herein except in summary fashion.

FAR 52.215–22 provides a remedy to the Government when a price is increased because inaccurate data is furnished to the Government. In this case, there was no increase in price to the Government so FAR 52.215–22 does not apply. In addition, Allison did not furnish inaccurate data regarding either its cost or the cost to the Government. Finally, neither Allison or GTC had an obligation to provide any factual cost information that may be obtained after ECP–C040 was approved.

Further, Relators have not presented evidence or argument showing that FAR 52.215–22 applied to GTC and there is no evidence that GTC was aware of all of Allison's costs associated with ECP–C040. Therefore, GTC cannot be liable for Allison's representations or lack thereof.

As a result, there are no genuine issues of material fact and GTC is entitled to summary judgment as a matter of law on Relators' claim that GTC and Allison were obligated to report their negotiated reduction in the recurring cost of the AG9140 gen sets. On this matter, the Magistrate's Report and Recommendations finds that the representation that there were no changes in recurring costs was not accurate and GTC's fixed-price theory is inapplicable. This finding is incorrect and is therefore overruled.

*Summary*

The Magistrate's Report and Recommendation regarding GTC's Motion for Summary Judgment (Doc. # 173) is ADOPTED in part and OVERRULED in part. There are no genuine issues of material fact and GTC is entitled to judgment as a matter of law on Relators' claims that GTC conspired with Allison to submit a false claim on ECP–C040, that GTC did not fully and truthfully disclose all cost and pricing data requested by Allison resulting in a false claim being submitted in ECP–C040 and that Allison and GTC were obligated to report their negotiated reduction in the recurring cost of the AG9140 gen sets.